UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LANEY MARIE GRINER, and SAM GRINER,<br><br>                    Plaintiffs,<br><br>- against -<br><br>STEVEN ARNOLD KING, KING FOR CONGRESS, WINRED, INC., and DOES 1-10;<br><br>                    Defendants. | Case No.: 20-CV-3848<br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202); AND (3) UNAUTHORIZED USE OF LIKENESS<br><br>JURY TRIAL DEMANDED |

    Plaintiffs, Laney Marie Griner and Sam Griner (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby pray for relief based on the following:

**JURISDICTION AND VENUE**

    1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

    2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

    3. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the Plaintiffs are each citizens of Florida, and each defendant is a citizen of a state other than Florida, and because the amount at issue in this case in Sam Griner's unauthorized use of likeness claim exceeds $75,000.

    4. This Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

    5. Venue in this judicial district is proper under 28 U.S.C. § 1391 (b) and (c) and 1400(a) in that Defendant King for Congress' principal place of business is in this district, that one or more of the Defendants reside in this judicial district, and this is the judicial district in

which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

6. Plaintiff Laney Marie Griner ("Laney") is an individual residing in Jacksonville, Florida.

7. Plaintiff Sam Griner ("Sam") is an individual residing in Jacksonville, Florida.

8. Plaintiffs are informed and believe and thereon allege that Defendant King for Congress ("King for Congress") is a campaign committee for Steve King, the U.S. Representative for Iowa's 4th congressional district, located at PO Box 398, 202 W 2nd St, Wall Lake, IA and doing business in the District of Columbia. King for Congress operates a website at www.steveking.com (the "Website").

9. Defendant Steven Arnold King ("King") is a United States Representative who at all relevant times resided and has done business in the District of Columbia as a member of Congress. King is known for years of racist comments that lost him the support of many Republican Party leaders. For example, in 2019 King wondered out loud to The New York Times why "white nationalist" and "white supremacist" are considered offensive terms. King was widely rebuked by party leadership and stripped from key committee assignments, including his place on the House Agriculture Committee, a panel of particular importance to his home state. Senate Majority Leader Mitch McConnell, who rarely wades into actions by House Republicans, released a statement at the time calling King's statements "unworthy of his elected position" and wrote: "If he doesn't understand why 'white supremacy' is offensive, he should find another line of work."

10. Plaintiffs are informed and believe and thereon allege that Defendant WinRed, Inc. ("WinRed") is a Virginia corporation that does business in the District of Columbia. WinRed raises money online for Republican political candidates and organizations, and, according to

2
FIRST AMENDED COMPLAINT

published reports, it keeps 3.8% of each dollar it raises online, in addition to a per-contribution processing fee.

11. WinRed regularly transacts business within the District of Columbia, including but not limited to (a) soliciting District of Columbia residents for donations, (b) processing political donations from District of Columbia residents, and (c) processing political donations for District of Columbia political candidates and organizations, including the District of Columbia Republican Party. In transacting business within the District of Columbia, WinRed enjoys the protections of the laws of the District of Columbia.

12. Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiffs are informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the founder, editor in chief, senior editor, agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and at all times had control over the content displayed on the website, acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

# CLAIMS RELATED TO THE UNAUTHORIZED USE
# OF THE PLAINTIFFS' PHOTOGRAPH AND
# LIKENESS

14. Laney is an individual and guardian of her son, Sam Griner, who has a long-established history of licensing a photograph to legitimate advertisers.

15. Laney owns the registered copyright in the photograph (the "Subject Photo") of Sam popularly known throughout this country and internationally as an Internet meme titled "Success Kid." The Subject Photo was registered with the United States Copyright Office on February 22, 2012. A true and correct copy of the Subject Photo is reproduced below:



16. The Photograph quickly gained widespread popularity and became an Internet "meme" through millions of people non-commercially posting the Photograph on their social media accounts along with generally positive and lighthearted sayings corresponding with the "success" and "achievement" theme which the Photograph emotes, including:



4
FIRST AMENDED COMPLAINT

17. Laney registered the copyright in the Photograph effective February 22, 2012, United States Copyright Office Registration Number VA0001810362. Since then, Plaintiffs have licensed the Photograph commercially to legitimate advertisers including Coca-Cola, General Mills, Microsoft, Vitamin Water, Hot Topic, Virgin Mobil, and many others wishing to associate their messaging with the Photograph's uplifting success theme. Unlike Defendants, those entities followed the law, gave Plaintiffs the opportunity to approve or disapprove their uses, bargained for licenses, and paid for the rights they legitimately acquired.

18. King was first elected to Congress in 2002. The *Washington Post* has described King as "the U.S. congressman most openly affiliated with white nationalism." King has made comments and shared Tweets of white supremacists and self-described Nazi sympathizers. In an interview with *The New York Times* published in January 2019, King asked "White nationalist, white supremacist, Western civilization – how did that language become offensive?" Representative Liz Cheney responded, "These comments are offensive and racist and should have no place in our national discourse."

19. The House of Representatives voted 415-1 to censure King for his racist remarks. King was also removed from all committee assignments in Congress.

20. Laney is informed and believes and thereon alleges that King for Congress and WinRed jointly own and operate a website at www.steveking.com (the "Website"), where they post various videos and pictures to raise money from political donors for King's campaign.

21. In or about January 2020, Defendants willfully infringed Plaintiffs' respective copyright and publicity rights by posting the Photograph, without Plaintiffs' knowledge or consent, on *inter alia* King's campaign fundraising page on Facebook.com and on WinRed for the express purpose of soliciting money for King's congressional re-election campaign. These

5
FIRST AMENDED COMPLAINT

Case 5:21-cv-04024-CJW-MAR   Document 16   Filed 04/07/21   Page 5 of 11

offending uses include:





22. In exhibiting the Subject Photograph, Defendants, and each of them, used Sam's identity and persona for their own use and benefit, namely, to raise money for King for Congress and WinRed, and to solicit volunteers for King for Congress. In fact, the only reasons Defendants posted the Subject Photograph containing Sam's likeness was to solicit money for the benefit of all Defendants and to solicit volunteers for King's campaign.

23. Laney and Sam were both horrified to learn that Defendants had used Laney's

6
FIRST AMENDED COMPLAINT

photograph of Sam and Sam's likeness as campaign propaganda for King, someone whose statements and beliefs they find abhorrent.

24. All Defendants received money from donations made in response to Defendants' unauthorized posting of the Subject Photo on the Website and on Winred.com.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement against King and King for Congress)

25. Laney repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Laney is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph on the World Wide Web.

27. Laney is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photograph on www.steveking.com.

28. Laney is informed and believes and thereon alleges that the Infringing Photograph use the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photograph and constitutes unauthorized uses of the Subject Photograph.

29. Laney is informed and believes and thereon alleges that Defendants, and each of them, infringed the Subject Photograph by publishing and displaying the Infringing Photograph to the public, including without limitation, on www.steveking.com without authorization or consent.

30. Due to Defendants', and each of their, acts of infringement, Laney has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, King and King

for Congress have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Laney's rights in the Subject Photograph. As such, Laney is entitled to disgorgement of King and King for Congress's profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

32. Laney is informed and believes and thereon alleges that King and King for Congress, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects King and King for Congress to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Laney will make her election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**
(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202) against King and King for Congress)

33. Laney repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34. Laney is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, in the form of metadata or information identifying the author of the Subject Photograph from at least one copy of the Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with

respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

35. The above conduct is in violation of the Digital Millennium Copyright Act and exposes King and King for Congress to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

36. Laney is informed and believes and thereon alleges that King's and King for Congress' conduct as alleged herein was willful, reckless, and/or with knowledge, and Laney resultantly seeks enhanced damage and penalties.

### THIRD CLAIM FOR RELIEF
(For Unauthorized Use of Likeness against all Defendants)

37. Sam repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. As set forth above, Defendants used Sam's likeness without his consent to raise money for King and King for Congress and to attract volunteers for King for Congress.

39. Defendants posted the image of Sam's likeness on the Website, which was maintained by Winred.

40. Sam is informed and believes and based thereon alleges that Defendants, and each of them, received money from the Website advertisement that featured Sam's likeness, and each Defendant profited from their unauthorized use of Sam's likeness for commercial purposes.

41. There was no reasonable relationship between Defendants' unauthorized use of Sam's likeness and any matter of legitimate public interest.

42. Because Defendants misappropriated Sam's likeness for their own use and benefit, Defendants are liable to Sam for invasion of privacy.

43. Due to Defendants', and each of their, misappropriation of Sam's likeness and

invasion of his privacy, Sam has suffered general and special damages in an amount to be established at trial, but in excess of $75,000.

44. Because Defendants' conduct was willful, wanton, and malicious, an award of punitive damages is warranted to deter Defendants from victimizing anyone again in an amount yet to be determined, but in excess of $75,000.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

### **Against all Defendants, and Each:**

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, as well as their employees, agents, or anyone acting in concert with it, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendant to remove the Infringing Photograph from any print, web, or other publication owned, operated or controlled by any Defendant.

b. That Plaintiffs be awarded all profits of Defendants King and King for Congress, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by Defendants, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. Compensatory damages against Defendants for their unauthorized invasion of Sam's privacy and use of his likeness in the amount of at least $75,000;

d. Punitive damages against Defendants in an amount sufficient to punish and make an example of them for their unauthorized use of Sam's likeness and invasion of his privacy;

e. That Plaintiffs be awarded their attorneys' fees as available under the

Copyright Act U.S.C. § 101 et seq.;

  f. That Plaintiffs be awarded their costs and fees under the statutes set forth above;

  g. That Plaintiffs be awarded statutory damages and/or penalties under the statues set forth above;

  h. That Plaintiffs be awarded pre-judgment interest as allowed by law;

  i. That Plaintiffs be awarded the costs of this action; and

  j. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

 Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 7, 2021

Respectfully Submitted:

By: /s/ Michael D. Steger
Michael D. Steger (DC Bar. No. 450213)
michael@donigerlawfirm.com
DONIGER / BURROUGHS
30 Ramland Road, Suite 201
Orangeburg, New York 10962
and
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(646) 517-0600
(845) 638-2707 (fax)

Stephen M. Doniger (*not admitted in D.C.*)
stephen@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, CA 90291
(310) 590-1820

Attorneys for Plaintiffs