IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| LANEY MARIE GRINER; and SAM GRINER, <br> Plaintiffs, <br> vs. <br> STEVEN ARNOLD KING; and KING FOR CONGRESS, <br> Defendants. | No. 21-CV-4024-CJW-MAR <br><br> **ORDER** |

This matter is before the Court on defendants' emergency Motion to Submit Oversize Briefs. (Doc. 72). Plaintiffs timely resisted this motion. (Doc. 73). Defendants filed a reply. (Doc. 74). For the following reasons, the Court **denies** defendants' motion.

First, defendants failed to comply with the Court's Local Rules. Local Rule 7(h) provides, in pertinent part:

> A party may request leave to file a brief longer than the length prescribed in the Local Rules by filing a motion containing a statement demonstrating good cause for the proposed length. *The brief must be electronically attached to the motion and filed under the same docket entry*, and if the motion is granted, the Clerk of Court will detach and docket the brief.

LR 7(h) (emphasis added). Defendants did not attach the brief. Local Rules exist for a reason. One reason for this rule is so that the Court may review the proposed brief to determine the necessity of the overlength brief.

Second, Local Rule 7(k) requires counsel to personally confer in good faith with opposing counsel on non-dispositive motions (a motion for leave to file an overlength

1

brief falling within this definition) and include a statement of whether the opposing counsel opposes the motion. Defendants' counsel failed to comply with that rule. Indeed, defendants' counsel explained this noncompliance by asserting "it is generally held that parties to a motion have no capacity or discretion to alter a federal court's motion briefing schedule." (Doc. 72, at 3). This explanation does not excuse failure to comply with the local rule and, as applied to this motion, makes little sense given that defendants' motion does not involve an attempt by the parties to alter the Court's motion briefing schedule. Moreover, defendants used this exact same explanation for an earlier failure to comply with Local Rule 7(k) and the Honorable Mark A. Roberts, United States Magistrate Judge, called it "nonsensical" and pointed out counsel's failure to comply with the Local Rules. (Doc. 69).

The Court will not tolerate counsel's repeated and blatant violations of the Local Rules. For that reason alone, the Court denies defendants' motion. Further, the Court is not persuaded that good cause exists for a 50% increase in the page length allotted for the motion for summary judgment. Here, defendants argue that the need for the longer brief is primarily because defendants intend to focus their motion for summary judgment on their "defense-based rationale" which "requires a factual narrative that extends beyond the operative set of facts related to the alleged act of infringement." (Doc. 72, at 1). This makes little sense and provides no real explanation. To the extent facts are key, the Court points out there is no page limitation to a party's statement of material facts to be filed in support of a motion for summary judgment. LR 56(a).

In any event, the more concise the brief, the better it will be. "If I had more time, I would have written a shorter letter,"[1] is a quote that reflects the wisdom that

---

[1] The quote is attributed to a variety of sources, the earliest of which is French mathematician and philosopher Blaise Pascal, in 1657.

shorter is usually better. The Court does not need boilerplate recitation on the standards for summary judgment, or string cites to cases all standing for the same proposition. The Court is confident that a talented attorney can address even the most complex of issues within the page limits allowed by the Local Rules.

For these reasons, defendants' Motion to Submit Oversize Briefs (Doc. 72) is **denied.**

**IT IS SO ORDERED** this 12th day of April, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa