IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| GRINER, LANEY MARIE,<br>GRINER, SAM<br><br>Plaintiff<br><br>v.<br><br>KING, STEVEN A.,<br>KING FOR CONGRESS<br>WINRED, INC., and DOES 1-10<br><br>Defendants | Docket No. 5:21-cv-4024 |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR RECONSIDERATION OF ORDER (DKT. 109)**

# I. PLAINTIFFS' WITNESS BEN "LASHES" CLARK SHOULD BE PROHIBITED FROM TESTIFYING

Ben Lashes, Defendants recently learned, is Sam Griner's business manager. Lashes was first disclosed as a person potentially having discoverable information during a meet-and-confer telephone call on February 22, 2022. Three weeks before the close of discovery. The meet-and-confer was based on Plaintiffs' suspiciously sparse discovery responses. Lashes was not named as a person with discoverable information, much less a witness, in Plaintiffs' Initial Disclosures served August 11, 2021. Exhibit 4. Discovery closed March 15, 2022. On March 24, 2022 Ben Lashes was first revealed in Plaintiffs' Initial Disclosures as a person with discoverable information – one week after the close of discovery. Exhibit 5.

Notwithstanding Defendants clear, specific questions concerning the marketing, distribution, and commercialization of the "Success Kid" brand, Plaintiffs successfully hid Lashes. On November 10, Defendants' Interrogatories to Plaintiff asked about the marketing of Success Kid. Plaintiffs objected based on burden, and did not answer the question. See Exhibit 1 Int. No. 7. Those Interrogatories Defendants asked Plaintiff to name any consultants or third parties that assisted with Success Kid. Plaintiffs objected based on burden, and did not answer the question. See Exhibit 1, Int. No. 8. The theme did not change: when Defendants asked about who monitors and demands removal of the work; or to explain how the value the Success Kid work or Sam Griner's likeness was harmed by Defendants' alleged use, and identify efforts to end unlawful uses, Plaintiffs refused to answer. Exhibit 1. It took two motions to compel, the first in February and then again in March (after Plaintiffs disregarded this Court's order in February) to eventually acquire information from Plaintiffs that would arrive in May.

That answer arrived on May 6, two months after the close of discovery in the form of 172 documents. Plaintiffs would end up producing more documents after discovery than during

2
Case 5:21-cv-04024-CJW-MAR   Document 111   Filed 11/02/22   Page 2 of 8

discovery. These May documents would name Ben Lashes 86 times, 83 times more than Ben Lashes was named in documents during discovery.



These May documents would name Ben Lashes 86 times, 83 times more than Ben Lashes was named during discovery.

Illustration No. 1: Discovery Timeline



Until May 6th, everything that Defendants knew about Ben Lashes, or any other third party, is contained in Exhibit 1, which is nothing. For comparison purposes, Defendants include in Exhibit

<u>2</u> the entirety of Laney Griner's Interrogatory responses produced during discovery, and in <u>Exhibit 3</u> the entirety of Laney Griner's post-discovery Interrogatory responses.

In August, when Plaintiffs ought to have named Lashes as a witness in initial disclosures, they did not. When Defendants in November directly asked Plaintiffs to name professionals involved in Success Kid marketing and management, they refused to answer. To prise any information concerning Ben Lashes or his management, it took two Motions to Compel resulting in documents that would arrive two months after the close of discovery. The first moment that Defendants' could have divined that Lashes would have any testimony pertinent to the case could only be found in the Initial Disclosure Supplement that arrived one week after the close of discovery. Any testimony by Ben Lashes should be prohibited.

Table 1: Discovery Dates and Events

| Date | Event |
|---|---|
| **8/4/21** | **26(f) Conference** |
| 8/11/21 | Initial Disclosures |
| 11/10/22 | Defendants Serve Discovery Requests |
| 1/28/22 | 1st Round of LG. Doc. Disclosures |
| 2/14/22 | Motion to Compel - letter |
| 2/22/22 | Ben Lashes first named by Plaintiffs in a meet-and-confer |
| 3/7/22 | Defendants' Motion to Compel |
| 3/15/22 | Laney Griner Deposition |
| **3/15/22** | **Discovery Closes** |
| 3/16/22 | Sam Griner Deposition |
| 3/24/22 | Initial Disclosures Supplemented |
| 4/28/22 | Order on Motion to Compel |
| 5/3/22 | SG Supp ROG and RFP Disclosures |
| 5/6/22 | 2nd Round of LG Doc. Disclosures |
| 5/7/22 | Supp Responses of LG ROGs |

## II. THE COURT SHOULD CLARIFY ITS ORDER STRIKING CERTAIN TRIAL EXHIBITS

The undersigned could have been clearer. Plaintiffs made the simple, logical request that Defendants not use as trial exhibits documents not disclosed during discovery. Defendants agreed. However, this Court's order struck documents that Defendant did in fact disclose during discovery. For example, Exhibit A1, which this Court struck in its recent order was disclosed on December 13, 2021. Every Exhibit in Defendants' A, B, and C series was disclosed on that date. Some exhibits were disclosed during Griner's Deposition on March 15, 2022. Others were disclosed in motions prior to the close of discovery. Exhibit E09, for example, was disclosed in Defendants Motion to Dismiss.

The only documents that Defendants did not disclose in discovery or pursuant to a motion are a handful of the 'PEPE' images that this Court disallowed already. Also, two of Defendants' Demonstrative Exhibits were not, strictly-speaking, disclosed during discovery but were contained within produced discovery. For example, Exhibit F2 is the blank template for which many of the memes in the exhibits were based, such as Exhibit B21.

Exhibit F2



Exhibit B21



Accordingly, Defendants ask that this Court maintain its order to disallow Trial Exhibits that were not disclosed during discovery; however, Defendants ask that this Court retract its

command to strike the 82 trial exhibits, almost all of which were in fact disclosed during discovery.[1]

Dated: November 2, 2022

Respectfully submitted,

By /s/ M. Keith Blankenship
M. Keith Blankenship, Esq.
Attorney for Applicant
VSB# 70027
Da Vinci's Notebook, LLC
9000 Mike Garcia
No. 52
Manassas, VA 20109
703-581-9562
keith@dnotebook.com

---

[1] Another reason to consider letting the parties confer is because the Trial Exhibit D2, which was cited as "not disclosed," was a deposition exhibit and transmitted to Plaintiffs on March 28, 2022 by the deposition company. See Decl. of M. Blankenship, attached hereto.

7

CERTIFICATE OF SERVICE

I hereby certify that on this date I have filed electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notice of such filing to the counsel of record who are registered with the CM/ECF system.

By: *M. Keith Blankenship*
M. Keith Blankenship