## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

LANEY MARIE GRINER; and
SAM GRINER,

                 Plaintiffs,

vs.

STEVEN ARNOLD KING; and
KING FOR CONGRESS,

                 Defendants.

No. 21-CV-4024-MAR-CJW

**INITIAL
JURY INSTRUCTIONS**

---

Members of the jury:

In the next few minutes, I am going to give you instructions about this case and about your duties as jurors. These instructions are to help you better understand the trial and your role in it. I may give you additional instructions during trial, and I will give you additional instructions at the end of the trial. Consider these instructions, together with any instructions I give you during the trial, and at the end of the trial, and apply them as a whole to the facts of this case. You must follow all instructions I give you. You must not single out some instructions and ignore others. The written instructions I give you now and at the end of the trial will be available to you in the jury room. I emphasize, however, that written instructions are not more important than oral ones. *All* instructions, whenever given and whether in writing or not, must be followed.

In considering these instructions, the order in which they are given is not important.

## INSTRUCTION NO. 1

As I explained during jury selection, this is a civil lawsuit over a dispute between Laney and Sam Griner, the plaintiffs, and Steven King and King for Congress, the defendants, regarding the use of a photograph.

Laney Griner owns a photograph of her son Sam Griner. This photograph is the basis of the Success Kid Meme.

Steven Arnold King is a former Congressman. King for Congress is a campaign committee formed for Steven King's political activities.

Laney Griner claims that Steven King and King for Congress infringed her copyright in her photograph by using it on a fundraising website. Sam Griner claims that Steven King and King for Congress infringed on his right of privacy by posting that photograph.

Do not consider this summary as proof of any claim. You must decide facts from the evidence and apply the law which I will now give you.

2

# INSTRUCTION NO. 2

The parties agree that the following facts are true and undisputed:

A.     On August 26, 2007, Laney Griner took a photograph of Sam Griner (the "Subject Photograph"). The Subject Photograph shows Sam Griner at the beach holding a fistful of sand.

B.     In 2009, Laney Griner made the Subject Photograph available for stock photography licensing through Getty where it was licensed several times, including to Virgin Mobile and Vitamin Water.

C.     In 2012 Griner realized that the Subject Photograph had significant commercial licensing value and ceased offering it for license through Getty.

D.     The Subject Photograph is registered with the U.S. Copyright Office under U.S. Registration No. VA0001810362 with an effective registration date of February 22, 2012.

E.     Since 2012 Griner has licensed the Subject Photograph to companies such as Microsoft, Post Holdings, Inc. and Coca-Cola.

F.     Laney Griner learned that defendants were using the Subject Photograph and Sam Griner's image to raise money for Steven King's congressional campaign on January 27, 2020.

G.     On January 27, 2020, Laney Griner's attorney sent a cease-and-desist letter to defendants King for Congress and Steven King, notifying them that they were using the Subject Photograph without permission and they were infringing Laney Griner's copyright.

H.     Steven King was a United States congressman from 2001 until 2021.

(Continued)

3

**INSTRUCTION NO. 2 (Cont'd)**

  I.  Steven King authorized the formation of King for Congress to raise money for and support his congressional campaigns.

  J.  Defendant King for Congress is an unincorporated entity.

  K.  Steven King has loaned money to King for Congress to pay defendants' attorneys' fees in this action.

4

## INSTRUCTION NO. 3

Laney Griner makes a claim of copyright infringement against Steven King and King for Congress. Sam Griner makes a claim of invasion of privacy against Steven King and King for Congress.

I will instruct you further on the law of each of these claims.

## INSTRUCTION NO. 4

To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

When an author creates an original work, copyright exists automatically in the work at the moment of its creation. The author or other copyright owner may enforce the right to exclude others from copying the work in an action for copyright infringement. The owner of a copyright has the right to exclude any other person from reproducing, distributing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time. One who reproduces, publicly distributes, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program. Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The work involved in this trial is known as a pictorial work, which includes two- and three-dimensional works of fine, graphic or applied art, photographs, prints, and art reproductions. You are instructed that a copyright may be obtained in the photograph at issue.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

(Continued)

6

## INSTRUCTION NO. 4 (Cont'd)

In this case, Laney Griner contends that Steven King and King for Congress have infringed her copyright. Laney Griner has the burden of proving by a preponderance of the evidence that she is the owner of the copyright and that Steven King and King for Congress copied original expression from the copyrighted work. I will explain the term preponderance of the evidence in Instruction No. 28.

To prove that Steven King and King for Congress copied Laney Griner's work, Laney Griner must show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendants' work and the plaintiff's copyrighted work.

Copyright may also be vicariously infringed. A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

Steven King and King for Congress contend that there is no copyright infringement. There is no copyright infringement when:

(1) the defendant made fair use of the copyrighted work by reproducing copies for purposes such as criticism, comment, news reporting, teaching, scholarship, or research;

(2) the plaintiff abandoned ownership of the copyrighted work; or

(3) the plaintiff granted the defendant an implied license to use the plaintiff's copyrighted work.

I will instruct you on each of these defenses in more detail later.

7

Case 5:21-cv-04024-CJW-MAR   Document 126   Filed 11/18/22   Page 7 of 51

## INSTRUCTION NO. 5

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to, or authorize others to:

1. reproduce the copyrighted work in copies;

2. prepare derivative works based upon the copyrighted work; and

3. display publicly a copyrighted photographic work.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work. In general, copyright law protects against reproduction, adaptation, public distribution, and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

8

## INSTRUCTION NO. 6

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Laney Griner's copyright infringement claim, Laney Griner has the burden of proving by a preponderance of the evidence that:

1. she is the owner of a valid copyright; and

2. the defendant, whether Steven King and King for Congress, copied original expression from the copyrighted work.

I will provide further instructions on both of these elements.

The plaintiffs need not prove that either Steven King and King for Congress intended to infringe on Laney Griner's copyright. Their intent is not relevant to prove infringement.

If you find that Laney Griner has proved both of these elements, your verdict should be for her unless you find that an affirmative defense applies. If, on the other hand, you find that Laney Griner has failed to prove either of these elements, your verdict should be for the defendants.

9

## INSTRUCTION NO. 7

To show that Laney Griner is the owner of a valid copyright in the Success Kid photograph, she must prove by a preponderance of the evidence that:

1. Laney Griner's work is original, as I further explain in Instruction No. 9; and

2. Laney Griner is the author or creator of the work, as I further explain in Instruction No. 10.

If Laney Griner has failed to prove by a preponderance of the evidence that she is the owner of a valid copyright, then you should find for the defendants in the copyright infringement claim.

10

## INSTRUCTION NO. 8

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. However, the owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

The evidence in this case includes a certificate of copyright registration from the Copyright Office. If you find that this certificate was made within five years after first publication of the plaintiff's work, you may consider this certificate as evidence of the facts stated in the certificate. From this certificate you may, but need not, conclude that the photograph at issue is an original and copyrightable work and that Laney Griner owns the copyright in that work, as explained in Instruction No. 7.

11

## INSTRUCTION NO. 9

A work is original if it was created:

     1. independently by the author, that is, the author did not copy it from another work; and

     2. by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

12

## INSTRUCTION NO. 10

A person is an author of an original work if they are the creator of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

## INSTRUCTION NO. 11

As explained in Instruction No. 6, Laney Griner has the burden of proving that Steven King or King for Congress copied original elements from her copyrighted work. Laney Griner must show that they copied from the work by proving by a preponderance of the evidence:

(1) that Steven King or King for Congress had access to Laney Griner's copyrighted work and

(2) that there are substantial similarities between Steven King or King for Congress's work and original elements of Laney Griner's work.

You may find that Steven King or King for Congress had access to Laney Griner's work if either of them had a reasonable possibility to view her work before their work was created.

Laney Griner must prove by a preponderance of the evidence that there are substantial similarities between Steven King or King for Congress's work and original elements of her work. You must use a two-step process to determine whether the defendants' work is substantially similar to Laney Griner's copyrighted photograph. First, you must consider the similarity of the ideas by analyzing them extrinsically. This analysis focuses on objective similarities in the details of the works, such as, for example but not by limitation, the type of artwork involved, the materials used, the subject matter, and the setting. If you find that plaintiff has not proven substantial similarities of ideas in an extrinsic test, then your verdict should be for the defendants.

(Continued)

14

## INSTRUCTION NO. 11 (Cont'd)

If you find that the works are substantially similar in ideas based on their objective similarities, then you must next evaluate their similarity of expression using an intrinsic test. This test depends on the response of the ordinary, reasonable person to the forms of expression. That is, you must evaluate their total concept and feel of the works and determine if they are substantially similar. If you find that the works are substantially similar in expression based on their total concept and feel, then Laney Griner has proven substantial similarities between defendant's work and original elements of the plaintiff's work.

If you find that Laney Griner has proved that Steven King or King for Congress had access to plaintiff's work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work, then you should consider Steven King or King for Congress's affirmative defenses that I will instruct you on in Instructions No. 14, 15, and 16.

If you find that Laney Griner has failed to prove either access to the plaintiff's copyrighted work or substantial similarities between the defendants' work and original elements of the plaintiff's work, your verdict should be for the defendants.

15

## INSTRUCTION NO. 12

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a photograph. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

The copyright owner of the pre-existing work may enforce the right to exclude others in an action for copyright infringement to the extent that the material copied derived from the preexisting work.

16

## INSTRUCTION NO. 13

Copyright may also be vicariously infringed. If you find that King for Congress infringed Laney Griner's copyright in the photograph, you must determine whether Steven King vicariously infringed that copyright.

A person is liable for copyright infringement by another if the person had:

1. The right and ability to supervise the infringing activity; and

2. An obvious and direct financial interest in exploitation of copyrighted materials.

If you find that Laney Griner has proved each of these elements by a preponderance of the evidence, your verdict should be for her if you also find that King for Congress infringed her copyright. If, on the other hand, Laney Griner has failed to prove any of these elements, your verdict should be for Steven King.

17

## INSTRUCTION NO. 14

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use.

Steven King and King for Congress contend that they made fair use of the copyrighted work for the purpose of criticism, comment, news reporting, teaching, scholarship, or research. They have the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

1. the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4. the effect of the use upon the potential market for or value of the copyrighted work.

If you find that Steven King or King for Congress proved by a preponderance of the evidence that they made a fair use of the plaintiff's work, your verdict should be for them.

## INSTRUCTION NO. 15

Steven King or King for Congress contend that a copyright does not exist in Laney Griner's work because she abandoned the copyright.

The plaintiff cannot claim ownership of the copyright if it was abandoned. In order to show abandonment, the defendant has the burden of proving each of the following by a preponderance of the evidence:

    1. the plaintiff intended to surrender ownership rights in the work; and

    2. an overt act by the plaintiff showing that intent.

Mere inaction does not constitute abandonment of the copyright; however, this may be a factor for you to consider in determining whether the plaintiff has abandoned the copyright.

If you find that Laney Griner has proved her copyright infringement claim in accordance with Instruction No. 11, your verdict should be for the plaintiff, unless you find that Steven King or King for Congress have proved each of the elements of this affirmative defense, in which case your verdict should be for that defendant.

19

20

## INSTRUCTION NO. 17

Plaintiff Sam Griner claims that defendants Steven King and King for Congress violated his right of privacy.

One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy.

In order to establish his claim, Sam Griner has the burden to show that Steven King or King for Congress used his name or likeness without consent to advertise a defendant's business or product, or for some "similar commercial purpose."

## INSTRUCTION NO. 18

Steven King or King for Congress contend that they are not liable for invading Sam Griner's privacy because Sam Griner consented to Defendants' commercial use of his likeness.

On this defense, Steven King or King for Congress must prove that:

1. Sam Griner, by words or conduct, led defendants to reasonably believe that Sam Griner agreed to defendants' commercial use of his likeness; and

2. Defendants acted in a manner and for a purpose which defendants reasonably believed that Sam Griner agreed to.

If you find that Sam Griner consented to Steven King or King for Congress's commercial use of his likeness then your verdict must be for defendants. If you find that Sam Griner did not consent to defendants' commercial use of his likeness, then your verdict must be for Sam Griner.

22

## INSTRUCTION NO. 19

In deciding the copyright infringement claim or the invasion of privacy claim, you may need to decide whether a third party performed acts as an agent of King for Congress, and/or whether King for Congress performed acts as an agent of Steve King.

An agent is a person or entity who acts on behalf of another person or entity under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services, and the agency agreement may be oral or written. An entity acts only through its agents or employees.

You should find that a third party was an agent for King for Congress if you find that:

1. That party had actual or apparent authority to act on behalf of King for Congress;
2. That party was in fact acting on behalf of King for Congress, and
3. The actions of that party on behalf of King for Congress were within the scope of his actual or apparent authority to act on behalf of King for Congress.

You should find that King for Congress was the agent for Mr. King if you find that:

1. King for Congress had actual or apparent authority to act on behalf of Steven King;
2. King for Congress was in fact acting on behalf of Mr. King, and
3. The actions of King for Congress on behalf of Mr. King were within the scope of its actual or apparent authority to act on behalf of Mr. King.

23

## INSTRUCTION NO. 20

If you find that the third party infringed on Laney Griner's copyright or invaded Sam Griner's privacy, and was the agent of King for Congress, you will need to decide whether King for Congress, as the principal, is subject to liability to plaintiffs on their claims for the acts of the third party as an agent.

If you find that King for Congress is liable to plaintiffs for their claims, and if you find that King for Congress was the agent of Steven King, you will need to decide whether Mr. King, as the principal, is subject to liability to plaintiffs for the acts of King for Congress as its agent. A principal may be subject to either direct liability or vicarious liability for the conduct of an agent.

A principal may be subject to direct liability for an agent's conduct if the agent acted with actual authority. An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act. The agent only has actual authority to take actions that are designated or implied in the principal's manifestations to the agent, and to take acts necessary or incidental to achieving the principal's objectives, as the agent reasonably understands the principal's manifestations and objectives when the agent determines how to act.

A principal can also be vicariously liable to a third party harmed by an agent's conduct if the agent is an employee who committed this copyright infringement while acting within the scope of employment. An employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of the work.

If you must decide whether Mr. King is vicariously liable to Laney Griner for his agent King for Congress's actions, you must remember that this is a different legal question from whether Mr. King vicariously infringed on Laney Griner's copyright as set out in Instruction No. 13.

24

## INSTRUCTION NO. 21

You must base your verdict only upon the evidence, these instructions, and other instructions that I may give you during trial.

Evidence is:

1.      Testimony in person or by deposition.

2.      Exhibits received by the court.

3.      Stipulations, which are agreements between the parties.

4.      Any other matter admitted into evidence.

There are two types of evidence from which you may properly find the truth as to the facts of this case: direct evidence and circumstantial evidence. Direct evidence is the evidence of the witnesses to a fact or facts of which they have knowledge by means of their senses. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Sometimes during a trial, references are made to pre-trial statements and reports, interrogatories, witnesses' depositions, or other miscellaneous items. Only those things formally offered and received by the Court are available to you during your deliberations. Documents or items read from, or referred to, which were not offered and received into evidence, are not available to you.

(Continued)

25

# INSTRUCTION NO. 21 (Cont'd)

The following are not evidence.

1.  Opening statements, closing arguments, and questions are not evidence.

2.  Anything said by the parties, the court, and prospective jurors during jury selection.

2.  Objections and rulings on objections.

3.  Testimony that I strike from the record, or tell you to disregard is not evidence and must not be considered.

4.  Demonstrative summaries not received as evidence. Certain charts and summaries may be shown to you in order to help explain the facts or other underlying evidence in the case. These are used for convenience. They are not themselves evidence or proof of any facts.

5.  Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

26

## INSTRUCTION NO. 22

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You are allowed to consider the evidence in the light of your observations and experiences. You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give you in these instructions, any instruction given during the trial, and in the final instructions at the conclusion of the case. You will then deliberate and reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

This case must be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons are equal before the law. Unincorporated entities are entitled to the same fair and conscientious consideration by you as any other person.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

27

# INSTRUCTION NO. 23

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe. Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 24

The parties may introduce charts and summaries to help explain the facts disclosed by the records, or other underlying evidence in the case, even though the underlying documents and records may not be in the courtroom. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and decide the facts from the books, records or other underlying evidence. The opposing party may challenge the accuracy of those charts and summaries. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way they were prepared.

## INSTRUCTION NO. 25

You may hear testimony from witnesses who may be knowledgeable in a field because of their education, experience, or both. They are permitted to give their opinions on matters in that field and the reasons for their opinions.

You may accept or reject this type of testimony just like any other testimony. After considering such witness' education and experience, the reasons given for the opinion, and all the other evidence in the case, you may give such a witness' testimony whatever weight, if any, you think it deserves.

These type of witnesses may be asked to assume certain facts are true, and to give an opinion based on that assumption. This is called a hypothetical question. When deciding the weight, if any, to give to the witness' testimony, if you conclude a fact assumed in a hypothetical question has not been proved by the evidence, you should consider the extent to which the falsely assumed fact affects the value of the opinion.

30

## INSTRUCTION NO. 26

Testimony may be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. Deposition testimony may be recorded in writing or by video and may be read or shown to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. If the deposition testimony is read to you, do not place any significance on the manner or tone of voice used to read the witness's answers to you.

## INSTRUCTION NO. 27

During the trial, you may hear the word "interrogatory." An interrogatory is a written question one party can send to the other which the other party then must answer under oath and in writing. Consider interrogatories and the answers to them as if they were, respectively, questions asked and answered under oath here in court.

## INSTRUCTION NO. 28

During the trial, the parties may make objections. You should not hold it against the parties when they do this. A party may object when the other party offers testimony or other evidence the party believes is not admissible. If I sustain an objection to a question, you should not pay any attention to the question itself, disregard any answer that may have been provided and not try to guess at what the answer might have been. Also, when I rule or comment on an objection, you should not think I have any opinions about the case, favoring one side or the other.

33

# INSTRUCTION NO. 29

Your verdict will depend upon whether or not you find certain facts have been proved by the greater weight of the evidence, also known as a preponderance of the evidence. The obligation to prove a fact, or "the burden of proof," is upon the party whose claim depends upon that fact.

To determine whether a fact has been proved by the greater weight of the evidence, you must consider the evidence in the case, decide which evidence is more believable, and then determine whether the fact is more likely true than not true. If you find a fact is more likely true than not true, then the fact has been proved by the greater weight of the evidence. If you find a fact is more likely not true than true, or you find the evidence on the fact is equally balanced, then the fact has not been proved by the greater weight of the evidence. The greater weight of the evidence is not determined by the number of witnesses or exhibits a party presents, but by your judgment as to the weight of all of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this one.

34

# INSTRUCTION NO. 30

At the end of the trial, you must make your decisions based on what you recall of the evidence. You will not have a written transcript to consult. Therefore, you must pay close attention to the testimony as it is given.

If you wish, you may take notes during the presentation of evidence to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by the witnesses.

During deliberations, in any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was.

We have given each of you an envelope with a pad and pen in it. The envelopes are numbered according to your seat in the jury box. When you leave for breaks or at night, please put your pad and pen in the envelope and leave the envelope on your chair. Your notes will be secured, and they will not be read by anyone. At the end of trial and your deliberations, your notes should be left in the jury room for destruction.

35

## INSTRUCTION NO. 31

During the trial, it may be necessary for me to talk with the attorneys out of your hearing, either by having a bench conference here, while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence and to avoid wasting your time. We will do what we can to keep the number and length of these conferences to a minimum.

# INSTRUCTION NO. 32

You must decide this case solely on the evidence and your own observations, experiences, reason, common sense and the law in these instructions. You must also keep to yourself any information that you learn in court until it is time to discuss this case with your fellow jurors during deliberations.

To ensure fairness, you must obey the following rules:

- Do not talk among yourselves about this case, or about anyone involved with it, until you go to the jury room to decide on your verdict.

- Do not talk with anyone else about this case, or about anyone involved with it, until the trial is over.

- When you are outside the courtroom, do not let anyone ask you about or tell you anything about this case, anyone involved with it, any news story, rumor or gossip about it, until the trial is over. If someone should try to talk to you about this case during the trial, please report it to me.

- During the trial, you should not talk to any of the parties, lawyers or witnesses, even to pass the time of day, so that there is no reason to be suspicious about your fairness. The lawyers, parties and witnesses are not supposed to talk to you either.

- You may need to tell your family, friends, teachers, co-workers, or employer about your participation in this trial so that you can tell them when you must be in court and warn them not to ask you or talk to you about the case. However, do not provide any information to anyone by any means about this case until after I have accepted your verdict. That means do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, a PDA, a computer, the Internet, any

(Continued)

37

## INSTRUCTION NO. 32 (Cont'd)

Internet service, any text or instant messaging service, any Internet chat room, any blog or any website such as Facebook, YouTube or Twitter, to communicate to anyone any information about this case until I accept your verdict.

- Do not do any research on the Internet, in libraries, in the newspapers, on social media, in dictionaries, or other reference books or in any other way or make any investigation about this case, the law or the people involved on your own.

- Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony.

- Do not read any news stories or articles, in print, on the Internet or on any blog, about this case or about anyone involved with it or listen to any radio or television reports about it or about anyone involved with it or let anyone tell you anything about any such news reports. I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media, and it will be more accurate.

- Do not make up your mind during the trial about what the verdict should be. Keep an open mind until you have had a chance to discuss the evidence with other jurors during deliberations.

- Do not decide the case based on biases. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies,

(Continued)

38

## INSTRUCTION NO. 32 (Cont'd)

stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

- If, at any time during the trial, you have a problem that you would like to bring to my attention, or if you feel ill or need to go to the restroom, please send a note to the Court Security Officer, who will give it to me. I want you to be comfortable, so please do not hesitate to tell us about any problem.

39

## INSTRUCTION NO. 33

The trial will proceed in the following manner:

First, the lawyers for Laney Griner and Sam Griner may make an opening statement. Next, the lawyers for Steven King and King for Congress may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the parties expect you will see and hear during the trial.

After opening statements, Laney Griner and Sam Griner will then present evidence in support of their contentions. Steven King and King for Congress will have a chance to cross-examine Laney Griner and Sam Griner's witnesses. After Laney Griner and Sam Griner has finished presenting its case, Steven King and King for Congress may present evidence, and Laney Griner and Sam Griner will have a chance to cross-examine Steven King and King for Congress's witnesses.

After you have seen and heard all of the evidence from both sides, the parties will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law. After the closing arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

Dated this _14th_ day of November, 2022

_____
C. J. WILLIAMS
United States District Court Judge
Northern District of Iowa

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

LANEY MARIE GRINER; and
SAM GRINER,

                Plaintiffs,

vs.

STEVEN ARNOLD KING; and
KING FOR CONGRESS,

                Defendants.

No. 21-CV-4024-MAR-CJW

**FINAL
JURY INSTRUCTIONS**

---

Members of the jury:

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions before you begin your deliberations.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though the instructions I gave you at the beginning of and during trial are not repeated here.

## INSTRUCTION NO. 34

It is my duty to instruct you about damages. By instructing you on damages, I do not mean to suggest what your verdict should be on any claim. If you find for Laney Griner or Sam Griner on their claims, then you must determine what damages, if any, to award on each claim independently. You cannot determine a single award and apportion the amount among the claims. You cannot award damages twice for the same harm. "Damages" are the amount of money that will fairly and adequately compensate a party for any injury you find it suffered as a result of another party's conduct. The party claiming damages must prove damages by a preponderance, or greater weight of the evidence.

In arriving at an amount of damages, you must not engage in speculation, guess, or conjecture, and you must not award any damages as a result of prejudice or sympathy. You cannot determine the amount of damages by taking down each juror's estimate and agreeing in advance that the average of those estimates will be your damages award. I will explain the measure of damages for each claim.

(Continued)

2

## INSTRUCTION NO. 34 (Cont'd)

### 1. Copyright Infringement: Statutory Damages

If you find for plaintiff Laney Griner on her copyright infringement claim, you must determine damages. Mrs. Griner seeks a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the plaintiff for her losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws. The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed. However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

An infringement is considered innocent when a defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendants were not aware that their acts constituted infringement of the copyright; and

2. the defendants had no reason to believe that their acts constituted an infringement of the copyright.

An infringement is considered willful when the plaintiffs have proved both of the following elements by a preponderance of the evidence:

1. the defendants engaged in acts that infringed the copyright; and

2. the defendants knew that those acts infringed the copyright, or the defendants acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

(Continued)

3

## 2. Invasion of Privacy Damages

If you find that Defendants Steven King and King for Congress violated Sam Griner's right of privacy, you must determine an appropriate amount of damages.

Your award should compensate Sam Griner in an amount you deem appropriate to for:

(a) The harm to his interest in privacy resulting from the invasion;

(b) His mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c) Special damages of which the invasion is a legal cause. Special damages are compensation for measurable economic loss, such as lost earnings or lost licensing fees.

4

## INSTRUCTION NO. 35

A party must establish a reasonable basis from which damages can be ascertained; it cannot be too uncertain or speculative. If the uncertainty lies only in the amount of damages, recovery may be had if there is proof of reasonable basis from which the amount may be inferred. Damages can be established in part or in whole by witness testimony.

5

## INSTRUCTION NO. 36

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

**First,** you will select a foreperson. That person will preside over your discussions and speak for you here in court.

**Second,** it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict. Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges -- judges of the facts. Your only job is to study the evidence and decide what is true.

**Third,** if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

**Fourth,** your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

6

**Finally**, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the forms, sign and date them, and tell the court security officer that you are ready to return to the courtroom.

**DATED** this 17 day of November, 2022.

C.J. Williams
United States District Judge
Northern District of Iowa

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| LANEY MARIE GRINER; and | |
| SAM GRINER, | |
| Plaintiffs, | Case No. 21-cv-4024-MAR-CJW |
| vs. | |
| STEVEN ARNOLD KING; and | **VERDICT FORMS** |
| KING FOR CONGRESS, | |
| Defendants. | |

We, the jury unanimously return the following verdicts by answering the questions submitted to us in accordance with the explanations provided.

## VERDICT FORM A (COPYRIGHT INFRINGEMENT)

1.    Do you find that plaintiff Laney Griner abandoned her copyright in the Success Kid Photograph (as described in Instruction No. 15)?

Yes _____    No _____

*Instructions: If your answer to Question 1 is "No," please proceed to Question 2.  If your answer to Question 1 is "Yes," please sign and date Verdict Form A, then proceed to Verdict Form B.*

2.    Do you find that defendant King for Congress (either directly or acting through an agent) infringed plaintiff Laney Griner's copyright in the Success Kid Photograph?

Yes _____    No _____

*Instructions: If your answer to Question 2 is "Yes," please proceed to Question 3.  If your answer to Question 2 is "No," please sign and date Verdict Form A, then proceed to Verdict Form B.*

3.    Do you find defendant Steven King infringed plaintiff Laney Griner's copyright in the Success Kid Photograph (either vicariously or by acting through an agent)?

Yes _____    No _____

*Instructions: If your answer to Questions 2 or 3 was "Yes," please proceed to Question 4.  If your answers to Questions 2 and 3 were "No," please sign and date Verdict Form A, then proceed to Verdict Form B.*

4.    Do you find that defendants made fair use of the Success Kid Photograph (as described in Instruction No. 14)?

Yes _____    No _____

*Instructions: If your answer to Question 4 is "No," please proceed to Question 5.  If your answer to Question 4 is "Yes," please sign and date Verdict Form A, then proceed to Verdict Form B.*

2

5.	Do you find the infringement of the Success Kid Photograph was innocent, willful, or neither innocent nor willful?

Innocent _____	Willful _____	Neither _____

*Instructions: Please proceed to Question 6.*


6.	What damages do you award to Laney Griner for the infringement of her copyright in her Success Kid Photograph?

$_____


*Instructions: Sign and date this verdict form and go to Form B.*


_____	_____
Foreperson	Date

3

## VERDICT FORM B (INVASION OF PRIVACY)

1.     Do you find that defendant King for Congress (either directly or acting through an agent) used plaintiff Sam Griner's likeness without consent for a commercial purpose?

Yes _____     No _____

*Instructions: If your answer to Question 1 is "Yes," please proceed to Question 2.  If your answer to Question 1 is "No," please sign and date Verdict Form B.*

2.     Do you find that defendant Steven King (either directly or acting through an agent) used plaintiff Sam Griner's likeness without consent for a commercial purpose?

Yes _____     No _____

*Instructions: Please proceed to Question 3.*

3.     What damages do you award to Sam Griner for the unauthorized commercial use of his likeness?

$_____

*Instructions: Sign and date this verdict form.*

_____        _____

Foreperson                                                    Date

4