**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| LANEY MARIE GRINER and SAM GRINER,<br><br>           Plaintiffs,<br><br>vs.<br><br>STEVEN ARNOLD KING and KING FOR CONGRESS,<br><br>           Defendants. | No. 21-CV-4024-CJW-MAR<br><br>**ORDER** |

_____

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................. 3

II.    BACKGROUND ................................................................. 3

    A.    Factual Background ................................................. 3

    B.    Procedural History ................................................. 4

III.   ATTORNEY'S FEES ......................................................... 5

    A.    Defendants' Motion for Attorney's Fees ....................... 5

        1.    The Effect of An Offer of Judgment on Attorney's Fees ............ 5

        2.    Copyright Claim ............................................. 9

            a.    Applicable Law ....................................... 9

            b.    Analysis ........................................... 10

1

3.        Invasion of Privacy Claim……………………………………………15

B.      Plaintiffs' Motion for Attorney's Fees…………………………………16

IV.    RECOVERING COSTS………………………………………………………21

A.      Post-Offer Costs……………………………………………………………21

1.        Applicable Law …………………………………………………22

2.        Defendants' Post-Offer Costs…………………………………24

a.      Trial Transcript Estimate…………………………………24

b.      Copying Costs…………………………………………25

3.        Plaintiffs' Post-Offer Costs …………………………………26

B.      Pre-Offer Costs……………………………………………………………27

1.        Applicable Law …………………………………………………27

2.        Defendants' Pre-Offer Costs…………………………………27

3.        Plaintiffs' Pre-Offer Costs…………………………………28

V.    CONCLUSION………………………………………………………………29

# I. INTRODUCTION

This matter is before the Court on defendants' motion for attorney's fees filed within their bill of costs (replacement) (Doc. 139) and plaintiffs' motion for attorney's fees (Doc. 141). Both parties resisted each others' motions.[1] (Docs. 149; 151). Both parties replied. (Docs. 156; 157). For the following reasons, the Court **denies** both parties' motions for attorney's fees, but **grants-in-part** and **denies-in-part** both parties' motions for costs.

# II. BACKGROUND

This case involves alleged infringements of a copyrighted photographic work and an unauthorized use of a person's likeness. The Court will discuss additional facts and law as they become necessary to its analysis.

## A. *Factual Background*

Plaintiffs Laney Marie Griner ("Laney") and Sam Griner ("Sam") are individuals residing in Jacksonville, Florida. (Doc. 16, at 2). Plaintiff Laney owns the registered copyright in a photograph of plaintiff Sam (the "Subject Photograph") that formed the basis of a popular Internet meme titled "Success Kid." (Doc. 79-2, at 1-2). Plaintiff Laney licensed the Subject Photograph commercially to advertisers Vitamin Water and Virgin Mobile, among others. (*Id.*, at 2).

Defendant Steven King ("King") is a former Congressman. (Doc. 80-3, at 5). Defendant King for Congress ("Committee") is a campaign committee for defendant Steve King that owns and operates a website at www.steveking.com ("the website"), and posts various videos and pictures on the website to raise money from political donors for

---

[1] Defendants did not timely file their resistance (Doc. 151) in violation of LR 7(e). On Friday, December 2, 2022, plaintiffs filed their motion for attorney's fees. (Doc. 141). LR 7(e) prescribes that defendants resisting this motion must file a resistance within 14 days after service of the motion. Defendants' resistance was due on Friday, December 16, 2022. They however, filed their resistance only on Monday, December 19, 2022.

defendant King's campaign. (*Id.*, at 2, 5). Defendant Committee owns or controls the Facebook Page, a Twitter account, a Flickr account, a Winred page, and their own website. (Doc. 79-3, at 115).

During defendant King's campaign in 2020, defendant Committee used an independent contractor named Michael Stevens to create and circulate memes throughout social media. (Doc. 80-3, at 6). Defendant King, Jeff King (the Campaign Manager), and Michael Stevens, are "involved in making or editing the Steve King pages[.]" (Doc. 79-3, at 115-16). Michael Stevens created a Meme Action Post ("the Post") incorporating part of the Subject Photograph. (Doc. 80-3, at 3, 6). The Post places the image of plaintiff Sam on a different background than that of the Photograph. (*Id.*, at 3). The Post was displayed on a Winred, Inc. server and on defendant Committee's Facebook Page. (Docs. 80-3, at 3, 4, and 6; 79-3, at 3, 106).

### B. *Procedural History*

On December 30, 2020, plaintiffs filed a complaint against defendants Steven King, Committee, Winred, Inc., and Does 1–10 in the United States District Court for the District of Columbia. (Doc. 1). On April 7, 2021, plaintiffs filed an amended complaint naming the same defendants but including more factual allegations against all defendants. (Docs. 16; 17-1). On May 3, 2021, plaintiffs voluntarily dismissed claims against Winred, Inc. (Doc. 28). On May 17, 2021, the remaining defendants filed a first motion to dismiss for lack of personal jurisdiction and failure to state a claim, as well as a motion to transfer case. (Doc. 29). On June 2, 2021, both parties moved to transfer this matter to the Northern District of Iowa. (Doc. 32). On June 21, 2021, the case was so transferred. (Doc. 34).

On July 21, 2021, defendants filed a second motion to dismiss for failure to state a claim. (Doc. 43). The Court denied that motion. (Doc. 57). Plaintiffs and

4

defendants then filed cross motions for summary judgment. (Docs. 79; 80). The Court denied these motions as well. (Docs. 86; 96).

On October 3, 2022, defendants extended an offer of judgment to plaintiffs under Rule 68 of the Federal Rules of Civil Procedure. (Doc. 139-3, at 39, 41, 44-45). Plaintiffs did not accept.

A jury trial was held on this matter between November 14, 2022, and November 18, 2022. (Docs. 121; 122; 123; 125; 128). The jury granted a verdict in favor of plaintiff, finding that defendant Committee committed innocent infringement of the Success Kid Photograph. (Doc. 130, at 3). The Court thus entered judgment in favor of Laney Griner for $750. (Doc. 131).

The parties filed post-trial motions and timely resisted each other's motions.

### III.    ATTORNEY'S FEES

#### A.    *Defendants' Motion for Attorney's Fees*

Defendants move for costs and fees of this action under Rule 68 of the Federal Rules of Civil Procedure. (Doc. 139-2, at 2). For the following reasons, the Court finds that defendants are not entitled to attorney's fees. Although Rule 68 of the Federal Rules of Civil Procedure entitles defendants to a consideration of attorney's fees under the Copyright Act, that award of attorney's fees is still subject to the Court's discretion as guided by several factors. In this case, those factors do not support an award of attorney's fees to defendants.

##### 1.    *The Effect of An Offer of Judgment on Attorney's Fees*

Rule 68 of the Federal Rules of Civil Procedure provides:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party

may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

(c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time—but at least 14 days--before the date set for a hearing to determine the extent of liability.

(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

FED. R. CIV. P. 68.

"[A]ll costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" *Marek v. Chesny*, 473 U.S. 1, 9 (1985). "Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Id.* The *Marek* Court then concluded that because the underlying statute "awarded attorney's fees 'as part of the costs,'" such fees are "subject to the cost-shifting provision of Rule 68." *Id.*

The Court of Appeals for the Eighth Circuit has held that when "a plaintiff . . . refuses an offer of judgment under Rule 68 and later fails to receive a more favorable judgment[,]"attorney's fees "are awardable to defendants . . . only if the underlying statute awards such fees." *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989). There, the court followed the First Circuit's reasoning in *Crossman v.*

6

*Marcoccio*, 806 F.2d 329 (1st Cir. 1986), and held "a plaintiff who refuses an offer of judgment under Rule 68 and later fails to receive a more favorable judgment must pay the defendant's post-offer costs." *O'Brien*, 873 F.2d at 1120; *Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1064 (8th Cir. 2006). The *O'Brien* court further held "attorney's fees are awardable to defendants in such cases only if the underlying statute awards such fees." *O'Brien*, 873 F.2d at 1120; *see Borup v. CJS Sols. Grp., L.L.C.*, 333 F.R.D. 142, 148 (D. Minn. 2019).

Turning to the Copyright Act, the question becomes when or whether a plaintiff who prevails in a copyright suit for less than a defendant's Rule 68 offer must pay that defendant's attorney's fees under Section 505. Section 505 provides that in a copyright action:

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except where otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

It is true Section 505 defines attorney's fees as part of the costs. The question under *Marek* and its progeny, however, is whether "congressional expressions to the contrary" indicate when or whether attorney's fees are not part of the costs. *Marek*, 473 U.S. at 9. In finding this, the Court must give full effect to each word of the statute. *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1948 (2020) ("[C]ourts must give effect, if possible, to every clause and word of a statute.") (citation omitted).

Here, under Section 505, the Court may provide "recovery of full costs by or against any party" subject to exceptions inapplicable here, but may only provide "reasonable attorney's fees to the *prevailing* party[.]" 17 U.S.C. § 505 (emphasis added). To give full effect to every word of the statute, the Court thus finds that Section

505 permits attorney's fees only to prevailing parties, not every party.[2]   Thus, the Court holds a plaintiff who prevails in a copyright suit for less than a defendant's Rule 68 offer must pay that defendant's attorney's fees under Section 505 only if that defendant was a prevailing party.

Contrary to defendants' argument, Rule 68 does not override the Court's discretion in awarding attorney's fees in copyright disputes.[3]   (Doc. 139-2, at 5) (citing *Perkins*, 138 F.3d at 338).   To give full effect to every word of the statute, the Court also notes Section 505 permits only *reasonable* attorney's fees.   *See* 17 U.S.C. § 505 ("[T]he court *may* also award a reasonable attorney's fee . . . .") (emphasis added).   The Supreme Court held in *Fogerty v. Fantasy, Inc.* that the text of Section 505 grants the Court discretion in awarding attorney's fees.   510 U.S. 517, 524 n.11 (1994) (noting that "the plain language of § 505" indicates that "district courts are to use their discretion in awarding attorney's fees and costs to the prevailing party"); *id.*, at 533 ("The word 'may' clearly connotes discretion.").   As a result, the application of Rule 68 does not override the Court's discretion to award attorney's fees.   Thus, the Court turns to whether defendants are properly entitled to attorney's fees under Section 505 of the Copyright Act.

---

[2] This finding is in concert with many, but not all Courts of Appeals.   *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1246 n.6 (11th Cir. 2002) (collecting cases).

[3] Defendants' citation to *Perkins* is misplaced: *Perkins* did not hold that a court has no discretion to follow the mandatory language of Rule 68, but instead stated there is "no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted."   *Perkins*, 138 F.3d at 338.   Here, plaintiffs did not accept the offer of judgment.

8

### 2. Copyright Claim

#### a. Applicable Law

"[I]t is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty*, 510 U.S. at 533 (citation omitted). In a copyright action, a district court "in its discretion may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505; *Killer Joe Nev., L.L.C. v. Does 1-20*, 807 F.3d 908, 911 (8th Cir. 2015). "In copyright infringement cases, generally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 696-97 (S.D. Iowa 2011) (quoting *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007) (further citations omitted). Accordingly, "a party's success on a claim that is purely technical or de minimis does not qualify him as a prevailing party." *Id.* (citation omitted).

In copyright litigation, however, attorney's fees are not awarded to the prevailing party automatically or as a matter of course. *See Fogerty*, 510 U.S. at 533 (noting no presumption for fee awards in Copyright Act claims). Instead, the Court "should give substantial weight to the objective reasonableness of the losing party's position" and then retains discretion to make an award "even when the losing party advanced a reasonable claim or defense." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 199-200 (2016). The Court must exercise this discretion "in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006) (citing *Fogerty*, 510 U.S. at 534, n.19); *Killer Joe Nev.*, 807 F.3d at 911;

9

*Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.*, 9 F.4th 961, 964 (8th Cir. 2021).

While "*one* of the goals of the Copyright Act is to discourage infringement, . . . the Copyright Act['s purposes] are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement." *Fogerty*, 510 U.S. at 526. Instead, "copyright law ultimately serves the purpose of enriching the general public through access to creative works[.]" *Id.*, at 527. As a result, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* In other words, the Court must view all the circumstances of the case in light of the Copyright Act's "two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Ferman v. Jenlis, Inc.*, No. 16-CV-00074, 2016 WL 7187888, at *1 (S.D. Iowa Dec. 5, 2016) (citing *Kirtsaeng*, 579 U.S. at 204).

### b.   Analysis

Here, defendant King is a prevailing party with regard to the copyright infringement claim because he succeeded in a significant issue in the litigation—his personal liability. Defendant Committee seeks to assert that it is a prevailing party chiefly on the strength of the low damages the jury awarded against it and its rhetoric concerning copyright trolls. (Doc. 139-2, at 6). The Court disagrees. However defendants cast this outcome in practical terms, defendant Committee did not prevail with regard to the copyright infringement claim: they were found liable for copyright infringement, even if it was innocent copyright infringement. Thus, defendant Committee is not a prevailing party.

In any event, even if the Court found that both defendants were prevailing parties, the Court would not award attorney's fees to either. Defendants primarily argue that

Rule 68 entitles them to a mandatory award of attorney's fees, without any analysis of the requisite factors. (Docs. 139-2). Plaintiffs resisted, offering an analysis of the factors. (Doc. 149). In its reply, defendants make overtures to these factors. (Doc. 157).

The Court first considers the objective reasonableness of plaintiffs' claims. *Kirtsaeng*, 579 U.S. at 199. Plaintiffs assert without argument that their positions both factually and legally were not "objectively unreasonable." (Doc. 149, at 12). The Court agrees. In *Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.,* a court ruling on attorney's fees found copyright claims objectively unreasonable when plaintiffs "produced no direct or circumstantial evidence" of access and substantial similarity. *Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.*, No. 18-0189-CV-W, 2019 WL 7593366, at *2 (W.D. Mo. Dec. 13, 2019), *aff'd* 9 F.4th 961, 964 (8th Cir. 2021). Here in contrast, the jury, following the law of copyright infringement, found that defendant Committee had committed copyright infringement in the way plaintiffs described. (Doc. 130). Moreover, the Court denied directed verdict in favor of defendant King, ruling that a reasonable jury could find defendant King was vicariously liable for defendant Committee's infringement. Thus, these claims were objectively reasonable.

Giving substantial deference to this objective reasonableness, the Court turns to the other factors. Keeping in mind the Copyright Act's ultimate purpose to enrich the general public through access to creative works through both rewarding labor and clarifying the boundaries of copyright, the Court must consider "whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Killer Joe Nev., LLC*, 807 F.3d at 911 (*quoting Action Tapes, Inc.*, 462 F.3d at 1014); *Fogerty*, 510 U.S. at 527, 534 n.19.

11

As a preliminary matter, the Courts finds plaintiffs' copyright claims against both parties were not frivolous. As the Court noted earlier, a reasonable jury could have found defendant King was personally liable for copyright infringement. And, the jury did find defendant Committee liable for copyright infringement.

Turning to plaintiffs' motivations, defendants appear to assert in its reply plaintiffs' motivations justify an award of attorney's fees to defendants because there was no business rationale to sue defendants. (Doc. 157, at 2). Defendants assert plaintiffs could only maintain the positive return on investment for this litigation due to their fee-arrangements with counsel and plaintiffs' lack of involvement in the litigation (*Id.*, at 3), but these are not grounds on which to rest fees or discern motivations. The purposes of the Copyright Act do not turn on the arrangement of the parties with their counsel.

Defendants also appear to assert—presumably relating to plaintiffs' motivations— that plaintiffs could have chosen to not litigate, because the only actual damages were $20, and because the Committee issued a public apology. (Doc. 157, at 3). Though these arguments appear to fit best under plaintiffs "motivations to sue," they fail in justifying the award of attorney's fees to defendants.

First, one purpose of the Copyright Act is to discourage infringement. *Fogerty*, 510 U.S. at 526. Although plaintiffs could have chosen not to litigate, plaintiffs had the choice to litigate under the statutory scheme, were "entitled to respond within the bounds of the law," and were "under no obligation to employ a minimum-impact litigation strategy." *Killer Joe Nev., L.L.C. v. Leaverton*, No. C 13-4036, 2014 WL 3547766, at *7 (N.D. Iowa July 17, 2014), *aff'd sub nom.*, *Killer Joe Nev., LLC v. Does 1-20*, 807 F.3d 908 (8th Cir. 2015). As later explained in this Order, plaintiffs are not guaranteed that the attorney's fees "generated by [their] strategy of choice [will] be compensated." *Id.* But that is a different question from whether plaintiffs' litigation behavior would entitle defendants to attorney's fees.

Moreover, the fact of low actual damages is not grounds for awarding attorney's fees for defendants, because the Copyright Act provides statutory damages in cases of difficult-to-discern actual damages, which plaintiffs elected. That is, even if the damages were low, plaintiffs could earn damages from the fact of infringement.[4] Nor does the public apology entitle defendants to attorney's fees; copyright liability and damages do not turn solely on intent, and defendant Committee was held liable for innocent infringement.

In resistance, plaintiffs asserted they enforced these claims with the motivation to protect plaintiff Laney's copyright from an unauthorized commercial use. (Doc. 149, at 12). Given the evidence at trial and the jury verdict, it is unclear whether plaintiffs would have enforced their claims for this kind of use were it not for defendants' identity. Even so, after considering the substantial weight to the objective reasonableness of plaintiffs' copyright claim and their choice to litigate under the statutory scheme, the Court finds plaintiffs' motivations do not weigh in favor of attorney's fees to defendants.

The Court also does not find a need to compensate defendants or deter plaintiffs or similarly situated plaintiffs in this case. First, defendants make no argument on compensation. (Doc. 139-2). Defendants appear to make something like an argument related to deterrence when it characterizes this litigation as a "fight against a copyright troll that routinely, successfully extorted more in litigation threats . . . than actual licensing or commercialization" and assert that the Court's judgment benefits "troll

---

[4] Defendants further assert plaintiffs' settlement offers of five figures is more than the statutory maximum. (Doc. 133-2, at 8). This is incorrect: the Court instructed the jury that it could award up to $30,000 for each work infringed, but if it found willful infringement, it could "award as much as $150,000 for each work willfully infringed." (Doc. 126, at 43).

victims." (Doc. 133-2, at 8). But as applied to these facts, defendants' analysis about whether plaintiffs' behavior fits copyright troll behavior is mere supposition.[5]

Also, the results plaintiffs achieved here are in themselves sufficient to deter similarly situated plaintiffs from engaging in alleged trolling efforts. Though plaintiffs plausibly and properly alleged a reasonable claim of infringement against defendants, they did not materially benefit from victory. The jury found the infringement innocent and granted the minimum amount of statutory damages permitted by the Court's instructions, an amount far below the costs plaintiffs incurred. Moreover, any rational litigant facing these facts would be aware that the combination of defendant Committee's take down of the infringing Post and the short duration of the infringement would point more to innocent infringement than willful infringement. Considering this evidence, rational copyright holders could have easily reduced their fee demands or settled this case before trial.

As for the purposes of the Copyright Act, the Court finds that attorney's fees in favor of defendants would not further serve the purposes of copyright law. Again, the Court must view all the circumstances of the case in light of the Copyright Act's "two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Ferman*, 2016 WL 7187888, at *1 (citing *Kirtsaeng*, 579 U.S. at 204). Here, plaintiffs leveled a meritorious copyright infringement claim and defendants leveled well-established copyright defenses and earned a finding of innocent infringement. Adhering to the general rule that parties "bear their own attorney's fees"

---

[5] The Court has dealt with previous businesses that aggressively licensed architectural businesses at scale. *Design Basics, L.L.C. v. Spahn & Rose Lumber Co.*, No. 19-CV-1015, 2021 WL 493415, at *1 (N.D. Iowa Feb. 10, 2021), on reconsideration in part, No. 19-CV-1015, 2021 WL 7186126 (N.D. Iowa May 11, 2021).

14

will strike an appropriate balance between these goals.  *Fogerty*, 510 U.S. at 533; *Ferman*, 2016 WL 7187888, at *3.

For these reasons, then, giving substantial weight to the objective reasonableness of plaintiffs' claims and considering the factors prescribed by *Fogerty*, the Court denies any award of attorney's fees to defendants on the copyright claim.   The Court thus does not make any factual finding regarding a reasonable amount of attorney's fees.

### 3.    *Invasion of Privacy Claim*

Defendants appear to seek attorney's fees out of plaintiff Sam Griner's invasion-of-privacy claim.  (Doc. 139-2, at 10).   To the extent defendants make this request, the Court denies it.

The Court heard the Iowa invasion-of-privacy claims through its supplemental jurisdiction.   Thus, the *Erie* doctrine also applies.   *See Felder v. Casey*, 487 U.S. 131, 151 (1988) ("Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, . . . when a federal court exercises diversity or pendent jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" (citing *Guar. Tr. Co. v. York*, 326 U.S. 99, 109 (1945)).   Because rules governing the right to attorney's fees are substantive for *Erie* purposes, the Court applies state law.   *Woods Masonry, Inc. v. Monumental Gen. Cas. Ins.*, 198 F. Supp. 2d 1016,1039 (N.D. Iowa Apr. 23, 2002) (collecting cases).   In a diversity case "where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."   *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (citation omitted); *Lamb Eng'g & Const. Co. v. Neb. Pub. Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997) (collecting cases); *Liquid Cap. Exch.*,

15

*Inc. v. BDC Grp., Inc.*, No. 20-CV-89, 2022 WL 15045058, at *3 (N.D. Iowa Oct. 26, 2022).

Under Iowa law, "[a]bsent express statutory authorization, each party to a lawsuit ordinarily bears its own attorney fees." *Lee v. State*, 906 N.W.2d 186, 197 (Iowa 2018) (citations omitted); *Smith v. Iowa State Univ. of Sci. & Tech.*, 885 N.W.2d 620, 623 (Iowa 2016). Here, neither party points to any statute or contractual provision that permits the recovery of attorney's fees out of Iowa invasion-of-privacy claims. Because attorney's fees are not "properly awardable" for this claim, *Marek,* 473 U.S. at 9, Rule 68 does not entitle defendants to post-offer attorney's fees arising out of the invasion-of-privacy claim. For that reason, the Court **denies** defendants' motion for attorney's fees arising out of the state-law claims.

### B.      Plaintiffs' Motion for Attorney's Fees

Plaintiffs also move for attorney's fees. (Doc. 141-1, at 2). Defendants resist. (Doc. 151). As a preliminary matter, the Court finds plaintiff Laney is a prevailing party because the jury entered a verdict in her favor with respect to defendant Committee. (Doc. 130). However, exercising its statutorily-granted discretion, the Court denies attorney's fees.

Again, the Court "should give substantial weight to the objective reasonableness of the losing party's position" and then retains discretion to make an award "even when the losing party advanced a reasonable claim or defense." *Kirtsaeng*, 579 U.S. at 199-200. The Court must exercise this discretion "in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes*, 462 F.3d at 1014 (citing *Fogerty*, 510 U.S. at 534, n. 19); *Killer Joe Nev.*, 807 F.3d at 911; *Designworks Homes*, 9 F.4th at 964.

16

The Court first finds defendants' positions objectively reasonable, contrary to plaintiffs' argument. (Doc. 141-1, at 6). Specifically, defendants offered credible defenses against the claim of copyright infringement; at the close of evidence, the Court granted plaintiffs' motion for a directed verdict on the affirmative defense of implied license, but denied plaintiffs' motion for directed verdict as to the other affirmative defenses finding that a reasonable jury could find plaintiff Laney had abandoned her copyright or that defendants' use was fair use. (Doc. 145, at 288). That the jury later rejected these defenses (Doc. 130) does not make them objectively unreasonable.

Giving substantial weight to this finding of objective reasonableness, the Court turns to the other factors. Plaintiffs assert the factors of "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence" support an award of attorney's fees. (Doc. 141-1, at 3). For the reasons the Court found defendants' arguments reasonable, it finds they were not frivolous. (Doc. 141-1, at 5).

Plaintiffs make several arguments citing its victory over defendants' affirmative defenses as a justification for attorney's fees.[6] (Doc. 141-1, at 5-6). At trial, defendants withdrew their implied licenses defense and the jury rejected their abandonment and fair use defenses. (Doc. 130). But because "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible . . . defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."

---

[6] The Court rejects plaintiffs' argument that the low amount of damages awarded here favor large attorney's fees. (Doc. 141-1, at 4-5) (citing *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002). That argument contemplated "real, and especially a willful, infringement." (Id.). But here, the jury found the infringement innocent. (Doc. 130).

17

*Fogerty,* 510 U.S. at 527.   Thus, the Court rejects plaintiffs' arguments that its victory entitles it to attorney's fees.

Plaintiffs next argue their own claims were both legally and factually reasonable (Doc. 141-1, at 6).   In response, defendants resist, arguing again that plaintiffs' focus and costs accrued in litigating this case should not entitle them to attorney's fees.   (Doc. 151, at 6) (citing *Pearson Educ., Inc. v. Almgren,* 685 F.3d 691, 696 (8th Cir. 2012)). The Court agrees with defendants.   Though it does not read *Pearson* to starkly warn copyright holders from fully litigating their claims against accused infringers, *Pearson* does appropriately note that a full litigation of claims does not guarantee the compensation of attorney's fees.   (Doc. 151, at 7).   Thus, although plaintiffs' claims were reasonable enough to survive summary judgment and directed verdict, the reasonableness of their own claims are not relevant or supportive to their claim of attorney's fees.

Plaintiffs also accuse defendants of unreasonable settlement positions as a justification for attorney's fees because those unreasonable settlement positions increased the costs of litigating.   (Doc. 141-1, at 8)[7].   Plaintiffs also state defendants purportedly continued litigating to punish plaintiff Laney for complaining about defendant Committee's use of her son's image.   (Doc. 141-1, at 2).   The Court does not find these accusations persuasive: the jury found the infringement innocent, defendants removed the infringing photograph, and defendants made a public apology.   To the extent plaintiffs again assert defendants multiplied the costs of the litigation through unreasonable and

---

[7] Plaintiffs disparage defendants' delay in presenting a Rule 68 offer far less than the costs and attorney's fees borne at the time.   (Doc. 141-1, at 7).   But defendants did not delay.   The parties must make a Rule 68 offer at least 14 days before trial.   FED. R. CIV. P. 68(a). Defendants made this offer in a timely manner, on October 3, 2022, when trial was scheduled in November.

untenable affirmative defenses, the Court already rejected attorney's fees on the basis of defendants' affirmative defenses, for the reasons stated earlier.

Moreover, plaintiffs' citation to *Studio A Entertainment, Inc. v. Action DVD* for the proposition that settlement behavior can give rise to attorney's fees is unavailing on its face. (Doc. 141-1, at 7) (citing *Studio A Ent., Inc. v. Action DVD*, 658 F. Supp. 2d 851, 855 (N.D. Ohio 2009). There, the court instructed that fees would deter others from bad faith settlement behavior where liability is conceded and the amount of damages are prescribed by statute. Here, in contrast, defendants had not conceded liability at the time of the settlement negotiations.

Plaintiffs assert their motivation in filing suit against defendants "was proper and aligned with the Copyright Act." (Doc. 141-1, at 5). Specifically, they assert that they intended to "protect the integrity of her original artistic works (and by extension her ability to license that work)." (*Id.*). Though this is not one of the factors listed by *Fogerty*, the Court notes that it corresponds to one of the purposes of the Copyright Act. Even so, the Court finds it is outweighed by considerations of defendants' motivations: the jury found defendant Committee's infringement to be innocent. As a result, the Court finds this factor does not favor attorney's fees.

Turning to questions of compensation and deterrence, plaintiffs argue that allowing plaintiff Laney to recover her fees furthers the purpose of copyright law by rewarding her for pursuing her right under the Act and encouraging and rewarding authors' creations. (Doc. 141-1, at 8). Specifically, plaintiffs assert that the lack of fee awards will eat at monies plaintiff Laney can invest in her future photography. (*Id.*). But plaintiffs do not show in the record that plaintiff Laney is working on future photographs or selling other photographs. Although the Court is not negatively commenting on her

artistic endeavors, her mere assertion that she seeks funds to invest in her future photography is not a ground on which to award her attorney's fees.[8]

Plaintiffs assert defendant Committee must be deterred because it was "acting on behalf of a United States Congressman who voted on important copyright legislation yet created no policies to respect copyright in promoting his candidacy." (Doc. 141-1, at 8). The Court, however, derives no additional deterrence value from awarding attorney's fees in this scenario. The difference between awarding fees against a former Congressman and awarding fees against private citizens who also created no policies to respect copyright would be tantamount to punishing the Congressman for his vote and position, potentially running afoul of the Speech and Debate Clause.

Plaintiffs also assert defendants must be deterred from "a strategy of unreasonable settlement offers and 'scorched earth' defense tactics" to increase the cost of enforcing copyright interests. (Doc. 141-1, at 8). But the Court disagrees that defendants' Rule 68 offer of $15,000 was unreasonable, certainly in view of the jury verdict for low damages.[9] Moreover, as noted above, the jury found defendant Committee's infringement to be innocent. (Doc. 130). Although innocent infringement is still infringement, the Court finds an award of attorney's fees would not further deter defendants from copyright infringement in this case.

As for the purposes of the Copyright Act, the Court finds that attorney's fees in favor of plaintiffs would not further serve the purposes of copyright law. Again, the Court must view all the circumstances of the case in light of the Copyright Act's "two subsidiary aims: encouraging and rewarding authors' creations while also enabling others

_____

[8] Plaintiffs' focus on plaintiffs' relative financial resources is also unavailing. (Doc. 141-1, at 8). Even if the Court could consider the parties' relative financial resources, both parties put forward evidence showing relatively low wealth.

[9] Again, the low amount of damages awarded, even on a claim for statutory damages, indicates that rational parties would have crafted a resolution to this matter before trial.

to build on that work." *Ferman*, 2016 WL 7187888, at *1 (citing *Kirtsaeng*, 579 U.S. at 204). Here, plaintiffs leveled a meritorious copyright infringement claim and defendants leveled well-established copyright defenses and earned a finding of innocent infringement. Adhering to the general rule that parties "bear their own attorney's fees" will strike an appropriate balance between these goals. *Fogerty*, 510 U.S. at 533; *Ferman*, 2016 WL 7187888, at *3.

For these reasons, the Court **denies** plaintiffs' motion for attorney's fees. The Court thus does not make any factual finding regarding a reasonable amount of attorney's fees.

## IV.    *RECOVERING COSTS*

Both parties also request the Court tax costs in their favor. Title 17, United States Code Section 505 provides that in a copyright suit, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Because defendants made a Rule 68 Offer that plaintiffs did not accept, the Court conducts a different analysis for costs incurred before the offer and costs incurred after the offer. The Court first analyzes parties' entitlement to post-offer costs, and then analyzes parties' entitlement to pre-offer costs.

### A.    *Post-Offer Costs*

Defendants assert they are entitled to costs under Rule 68 because they made an offer to plaintiffs, unaccepted, that was in excess of the amount the jury awarded plaintiff Laney at trial. (Doc. 139-2, at 5). Plaintiffs resist, arguing that the Rule 68 offer of $15,000 "included all costs and fees incurred and did not seem to be a reasonable offer at the time it was made." (Doc. 149, at 7). Plaintiffs further assert this argument depends on the Court's ruling: if the Court awarded plaintiffs' attorney's fees, then they will have beaten the Rule 68 offer. (*Id.*).

21

As noted above, the Court **denied** plaintiffs' motions for attorney's fees. Thus, plaintiffs did not beat defendants' Rule 68 offer. For that reason, defendants are entitled to "costs incurred after the offer was made." FED. R. CIV. P. 68(d). Rule 68 does not entitle defendants to pre-offer costs, and defendants do not make any arguments to that extent. (Doc. 139-2, at 10). And again, defendants are not entitled to attorney's fees, characterized as "post-offer non-traditional costs." (Doc. 139-2, at 10). Thus, the Court turns only to the amount defendants claim for their post-offer traditional costs, in an amount of $4,495.69. (Docs. 139, at 1; 139-2, at 14). Plaintiffs challenge these costs as well. (Doc. 149, at 12-13).

### 1. Applicable Law

Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and if the judgment finally obtained by the plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred by the defendant after the offer was made. *Perkins*, 138 F.3d at 338; *see, e.g.*, *O'Brien*, 873 F.2d at 1120 (holding "a plaintiff who refuses an offer of judgment under Rule 68 and later fails to receive a more favorable judgment must pay the defendant's post-offer costs").

Title 28, United States Code, Section 1920 states that the following six expenses are taxable as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this [T]itle [28, United States Code, Section 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this [T]itle [28, United States Code, Section 1828].

The Court of Appeals for the Eighth Circuit has not spoken on whether Rule 68 entitles defendants to costs beyond those enumerated in Title 28, United States Code, Section 1920. Other courts, however, have ruled that it does not, unless the substantive law applicable to that cause of action expands the general Section 1920 definition. *See Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990) ("The rule we derive from the foregoing cases is that the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition."); *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 n.7. (10th Cir. 2011) (same); *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265 (6th Cir. 1988); *Denny v. Westfield State Coll.*, 880 F.2d 1465, 1471 (1st Cir. 1989); *Leroy v. City of Houston*, 831 F.2d 576, 584 (5th Cir. 1987); *Phillips v. Bartoo*, 161 F.R.D. 352, 354 (N.D. Ill. 1995). Despite the operation of Rule 68, then, defendants are only entitled to fees permitted by Section 1920.

In general, "[a] prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal–Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (internal quotation marks and citation omitted); *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897 (8th Cir. 2009). But the Court bears the responsibility to determine which fees are taxable under Section 1920. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's . . . costs, federal courts are bound by the limitations set out in' [S]ection 1920." *Nicholson v. Biomet, Inc.*, 537 F. Supp. 3d 990, 1036 (N.D. Iowa 2021), *aff'd*, 46 F.4th 757 (8th Cir. 2022) (internal citations omitted) (alterations in original). "If Section 1920 does not discuss a subject that could encompass the requested fees, the Court does not permit recovery of those fees." *Liquid Cap. Exch., Inc.*, 2022 WL 15045058, at *12 (citing *Nicholson*, at 537 F. Supp. 3d 1036).

23

### 2. Defendants' Post-Offer Costs

Defendants claim $4,495.69 in Post-Offer Costs. (Doc. 139-2, at 9, 10). These comprise multiple charges for purchasing Ink, purchasing Exhibit Materials, and an estimate of the trial transcript from the court reporter after the conclusion of trial. (Doc. 139-3, at 10, 14, 19, and 51). Even though defendants are entitled to post-offer costs under Rule 68, the Court finds that their requested costs are not properly taxable under Section 1920.

### a. Trial Transcript Estimate

Trial transcripts are properly awardable under Section 1920(2) if they are "necessarily obtained for use in the case[.]" 28 U.S.C. § 1902(2). Contrary to plaintiffs' argument (Doc. 149, at 14-15), trial transcripts may be "necessarily obtained for use in the case" even if procured for purposes of post-trial motions or appeal. *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1207–08 (N.D. Iowa 2003), aff'd, 382 F.3d 816 (8th Cir. 2004) (citing *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293 (8th Cir. 1985) (per curiam)); *see also Parada v. Anoka Cnty.*, 555 F. Supp. 3d 663, 687 (D. Minn. 2021), aff'd, 54 F.4th 1016 (8th Cir. 2022). Courts focus on various factors in determining whether a transcript was necessary for use in a particular case, including:

> [T]he length of the trial, the complexity of the issues, whether the transcript would minimize disagreement over the testimony of the witnesses, whether portions of the transcript were freely introduced in later hearings, whether the case was tried to the court or before a jury, and whether proposed findings of fact were required.

*Baker*, 263 F. Supp. 2d at 1207-08 (citing CHARLES ALAN WRIGHT, ET AL., 10 FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2677, at 438–43 (1998) (footnotes omitted)).

The jury trial was four days, but the relative lack of complexity and few legal issues argued and raised by defendants in post-trial motions counsels against finding the trial transcript was "necessarily obtained." Further, defendants do not provide any

further clarification in the pleadings on the amount they paid for these trial transcripts, or if they ever indeed paid for these transcripts.[10] Due to this lack of information, on the pleadings before the Court, the Court cannot determine whether defendants "obtained" the trial transcripts for use in the case, let alone "necessarily obtained" those transcripts. Thus, the Court cannot tax the cost of these transcripts.

### b. Copying Costs

With regard to defendants' costs for ink for printing, plaintiffs argue defendants "have provided no detail sufficient for the Court to evaluate the claimed printing costs." (Doc. 149, at 13). Plaintiffs specifically argue that defendants have not shown "how many pages they printed, how those pages were necessarily obtained for use in the case, or how said printing justifies full payment for multiple printer cartridges." (*Id.*). Defendants explain "[c]opy and preparation fees are expressly taxable, and most courts generally ask that copy fees be correlated to copy fees in the geographic region." (Doc. 157, at 6). Defendants state they expended these printer-cartridges "to create the multiple binders for the . . . exhibits that were necessary for trial." (Doc. 139-2, at 9-10).

As a preliminary matter, the Court notes defendants initially appeared to be asserting printing costs under Section 1920(3), not copying costs under Section 1920(4). (Doc. 139-2, at 10). The printing costs, unlike the copying costs, are statutorily not limited to cases "necessarily obtained for use in the case." 28 U.S.C. § 1920(3)-(4). Defendants, however, later characterize their fees as copying rather than printing. (Doc.

---

[10] On its own investigation and consultation with the Court Reporter, the Court found defendants ordered copy fees at 90 cents a page. This sums up to 1,065 pages, or $958.50. (Docs. 143, at 296; 144, at 322; 145, at 333; 146, at 106; 147, at 8). That amount is less than defendants' request. (Doc. 139-3, at 51).

157, at 6).   The Court thus holds defendants to their argument and construes defendants as asserting copying fees under Section 1920(4).

Defendants thus must show the copies were "necessarily obtained for use in the case."   28 U.S.C. § 1920(4).   "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request."   *Finan v. Good Earth Tools, Inc.*, No. 06-CV-878, 2008 WL 1805639, at *11 (E.D. Mo. Apr. 21, 2008), aff'd, 565 F.3d 1076 (8th Cir. 2009) (citation omitted); *McLelland v. Ridge Tool Co.*, 350 F. Supp. 3d 773, 779 (W.D. Ark. 2018).

Here, defendants assert they incurred the ink costs "to create the multiple binders for the . . . exhibits that were necessary for trial."   (Doc. 139-2, at 9-10); *see* (Docs. 139-3, at 10, 14, and 19).   Other than stating that defendants incurred these expenses to build the exhibits, the Court cannot determine whether these expenditures were necessarily obtained.   There is no indication of how much ink defendants originally had, or how much extra ink defendants incurred, or how much of the ink here defendants used.   On this record, it is entirely possible defendants used only a single cartridge and kept the rest for use for future litigation against different parties.   *See Finan*, 2008 WL 1805639, at *11 (denying an award of "inadequately documented" photocopy costs). Thus, for this reason the Court will not tax these costs for defendants.

### 3.   Plaintiffs' Post-Offer Costs

The Court denied plaintiffs' motions for attorney's fees.   Thus, plaintiffs did not beat defendants' Rule 68 offer.   As a result, relevantly here, plaintiffs themselves are not entitled to post-offer costs from defendants.   FED. R. CIV. P. 68.   "[A] party who fails to accept an offer of judgment within ten days and thereafter recovers a less favorable result may not recover her own post-offer costs (including attorney's fees), even where they would otherwise be available, and also must pay the offeror's post-offer costs."

*B.L. Through Lax v. District of Columbia*, 517 F. Supp. 2d 57, 60 (D.D.C. 2007) (citing *Marek*, 473 U.S. at 10); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 382 (E.D.N.Y. 2004).

The offer of judgment was dated on October 3, 2022. (Doc. 139-3, at 39, 41). Thus, plaintiffs are not entitled to costs accrued after October 3, 2022. It appears plaintiffs' only post-October 3, 2022, costs are the $4,738.58 for Mr. Clark's attendance at trial. (Doc. 132-1, at 3). The Court, therefore, will not award plaintiffs these post-offer costs.

### B.     Pre-Offer Costs

The Court now turns to the pre-offer costs that both parties assert.

#### 1.     Applicable Law

Under Federal Rule of Civil Procedure 54(d)(1), the Court should tax costs in favor of a prevailing party. Again, there is a presumption in favor of taxing costs in favor of the moving party, but only if these costs are enumerated under Section 1920. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (citing 28 U.S.C. § 1920); *Craftsmen Limousine*, 579 F.3d at 897. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's . . . costs, federal courts are bound by the limitations set out in' [S]ection 1920." *Nicholson*, 537 F. Supp. 3d at 1036 (alterations in original) (citation omitted). If Section 1920 does not discuss a subject that could encompass the requested fees, the Court does not permit recovery of those fees. *Liquid Cap. Exch., Inc.*, 2022 WL 15045058, at *12 (citation omitted).

#### 2.     Defendants' Pre-Offer Costs

Defendants assert $4,103.50 from a deposition transcript of Laney Griner on April 29, 2022 (Doc. 139-3, at 2) and $2,585.00 for a video record of that deposition (*Id.*, at 5). These fall under "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" under Section 1920(2). 28 U.S.C. § 1920(2). Though

plaintiffs assert defendants cannot charge for both (Doc. 149, at 14), the Eighth Circuit has held otherwise. *Stanley*, 784 F.3d at 467 ("[Section] 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case."). "But '[b]efore awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case.'" *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431 (8th Cir. 2017) (alteration in original) (citing *McDowell*, 758 F.2d at 1294); *see e.g.*, *E.E.O.C. v. CRST Van Expedited, Inc.*, No. 97-CV-95, 2010 WL 520564, at *6 (N.D. Iowa Feb. 9, 2010), *vacated on other grounds sub nom.*, 670 F.3d 897 (8th Cir. 2012).

Plaintiffs here assert defendants are not entitled to video deposition recording expenses because they did not use video testimony at trial and thus the video depositions were not a necessary expense for this case. (Doc. 149, at 13). Defendants do not address this argument in their reply. (Doc. 157). In their motions, defendants offer no indication of why it needed both stenographic transcripts and video records, or why the stenographic transcripts would have been insufficient for trial or for appeal. In fact, as plaintiffs note, defendants did not use video testimony at trial even as defendants relied upon the stenographic transcripts in their questioning. For that reason, the Court finds, based on this record, that the video depositions were not necessary to the case, while the stenographic transcripts were necessary. It thus **denies** the video costs but **grants** the stenographic transcripts costs: $4,103.50 (Doc. 139-3 at 2).

### 3. Plaintiffs' Pre-Offer Costs

Plaintiffs assert the following pre-offer costs: $402 for the filing fee (Doc. 132-1, at 1); and $4,283.65 in fees for transcripts of necessary depositions of witnesses who testified at trial in this case, which consists of $2,224.20 for the transcript of Mrs. Griner's deposition and $421.65 for the transcript of Samuel Griner's deposition (Doc.

132-2, at 5-6); $531.45 for the deposition transcript of Jeff King, the designated Rule 30(b)(6) deponent of King for Congress (*Id.*, at 8); and $1,106.35 for the deposition of Steven King, who was also a witness for King for Congress. (*Id.*, at 9).

Under Federal Rule of Civil Procedure 54(d)(1), the Court should tax costs in favor of a prevailing party. The $402 incurred in the filing fees falls under "fees of the clerk and marshal[.]" 28 U.S.C. § 1920(1). As for the transcripts, the Court finds these deposition transcripts "necessarily obtained for use in the case[,]" as each witness testified at trial. *Id.* § 1920(4).

Thus, the Court **awards** these costs to plaintiffs.

## V. CONCLUSION

The Court **denies** both parties' motions for attorney's fees, but **grants-in-part** and **denies-in-part** both parties' motions for costs. (Docs. 139, 141.) Defendants are awarded $4,103.50 in costs. Plaintiffs are awarded $4,283.65.

**IT IS SO ORDERED** this 22nd day of February, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

29